*1101 TEXTO COMPLETO DE LA RESOLUCION
Comparece ante nos, Marina Las Gaviotas Corp., parte codemandada-peticionaria, y nos solicita la revisión de una Resolución emitida por el Tribunal de Primera Instancia, Sala de Fajardo, el 17 de diciembre de 2002, notificada y archiva en autos el 20 de diciembre de 2002. La referida Resolución declaró no ha lugar una moción de desestimación presentada por la parte codemandada-peticionaria, Marina Las Gaviotas Corp.
Luego de estudiados los hechos y el derecho aplicable, se deniega la expedición del auto de certiorari, pues no es de aplicación al caso de autos la doctrina de cosa juzgada.
I
El 23 de marzo de 2000, Eddie J. Díaz García y Yexaira García Sánchez, así como la Sociedad Legal de Gananciales compuesta por ambos, parte demandante-recurrida, adquirieron mediante compraventa de Marina Las Gaviotas Corp., parte codemandada-peticionaria, una propiedad residencial ubicada en la Calle A-25 de la Urbanización Vista de Luquillo. La propiedad adquirida por la parte demandante-recurrida había sido desarrollada y construida por Marina Las Gaviotas Corp.
El 27 de noviembre de 2000, la parte demandante-recurrida, Díaz García, presentó ante el Departamento de Asuntos del Consumidor (DACO) la querella número 100011618. En la misma alegó que la propiedad adquirida tenía una serie de defectos los cuales había sido informados y no habían sido resueltos. Entre los problemas que presentaba la propiedad se encontraban los siguientes: 1) hay un hoyo inmenso en la parte posterior de la casa el cual fue hecho por la constmctora con el propósito de desviar una quebrada y el tubo de desagüe que utilizaron es tan estrecho que se ha tapado completamente con lodo formando un lago de agua y fango; 2) los gabinetes de cocina tienen la mica rota; 3) falta un marco de ventana de uno de los dormitorios. (Ap. Certiorari, a la pág. 2).
El 6 de febrero de 2001, un técnico del DACO inspeccionó la propiedad objeto de controversia, del cual surgieron los siguientes hallazgos: 1) hueco en pared de atrás de la residencia, lado izquierdo, 2) plástico laminado de los gabinetes roto en la parte de arriba, 3) falta marco a la ventana de un dormitorio, y 4) tubo eléctrico encima del lavamanos del baño del pasillo. Además, el inspector del DACO en su informe técnico estimó los daños en doscientos veinticinco dólares ($225.00).
El 18 de abril de 2001, se celebró una vista ante DACO, a la cual compareció la parte aquí demandante-recurrida por derecho propio y la codemandada-peticionaria, Marina Las Gaviotas Corp., representada por medio de abogado. En dicha vista la parte aquí demandante-recurrida, Díaz García, declaró que la desarrolladora Marina Las Gaviotas Corp. había reparado los gabinetes de cocina, le habían colocado el marco de la ventana, pero que no se había pintado el área, que había comenzado a corregir el empozamiento de agua, ocasionado por el hueco detrás de su residencia, pero que el trabajo no se había terminado. (Ap. Certiorari, a la pág. 7) Además, deplaró que Marina Las Gaviotas Corp. se había comprometido a reparar todos los defectos contemplados en el infórme del técnico del DACO en un término de cuarenta y cinco (45) días naturales. (Ap. Certiorari, a la pág. 7)
Así las cosas, el 20 de abril de 2001, el DACO emitió una resolución parcial, luego de haber celebrado una *1102 vista, en la cual estableció que la parte demandada-peticionaria, Marina Las Gaviotas Corp., estaba realizando gestiones para corregir los defectos de construcción y procedió a dictar la orden que se transcribe a continuación:

“ORDEN

Dentro del plazo de cuarenta y cinco (45) días a partir de la fecha de la notificación de la presente resolución, la querellada, Marina Las Gaviotas, corregirá los siguientes defectos de construcción en la residencia de la parte querellante:

(a) Terminará corrección de ventana de dormitorio.

(b) Removerá tubo eléctrico del baño.

(c)Proveerá drenaje apropiado para el empozamiento de agua en el hueco localizado en la parte de atrás de la residencia del querellante.

Si la querellada, Marina Las Gaviotas Corp. dejara de cumplir dentro del término concedido la corrección de la ventana pagará a la parte querellante, Sr. Eddie Díaz García y Sra. Yexaira García, la cantidad de $40.00, más los intereses correspondientes en caso de que no cumpla dentro del plazo concedido.

Si la querellada, Marina Las Gaviotas Corp. dejara de cumplir dentro del término concedido la remoción del tubo eléctrico pagará a la parte querellante, Sr. Eddie Díaz García y Sra. Yexaira García, la cantidad de $35.00, más los interesas correspondientes en caso de que no cumpla dentro del plazo concedido.

Se le concede un término de sesenta (60) días, a partir de la reparación del empozamiento de agua, a la parte querellante para que notifique a este Departamento si la misma fue satisfactoria.

Se le apercibe a la parte querellante que de no notificar al Departamento dentro del término concedido se procederá a ordenar el cierre y archivo de la presente querella. Si la condición no hubiese sido corregida, y el querellante notifica dentro de dicho término, el caso será señalado para vista administrativa.

La afianzadora de la propiedad, United Surety & Indemnity Co., responderá subsidiariamente hasta el monto de la fianza.

Se apercibe a la parte querellada que de no cumplir con lo ordenado en la presente resolución, este Departamento podrá imponer una multa administrativa de hasta diez mil dólares ($10,0000.00) y se tomará la acción legal correspondiente para el cobro de la misma. El pago de la expresada multa no le relevará de cumplir con todo lo ordenado en la presente Resolución. Este Departamento solicitará el auxilio del Tribunal de Primera Instancia para hacer cumplir la misma.

La parte querellante notificará a este Departamento, por escrito, si la parte querellada cumple lo ordenado para procederse al Cierre y Archivo del caso. Igualmente notificará por escrito, si no cumple para procederse conforme a derecho.

[[Image here]]
(Ap. Certiorari, a las págs. 8-9)
Ante el incumplimiento de la parte demandada-peticionaria, Marina Las Gaviotas Corp., con la resolución emitida por DACO el 20 de abril del 2001, DACO celebró una vista para que Marina Las Gaviotas Corp. *1103 mostrara causa por la cual no se le debía imponer una multa administrativa. El 27 de noviembre de 2001, DACO, mediante resolución, le ordenó a la parte codemandada-peticionaria, Marina Las Gaviotas Corp., que en un término de sesenta (60) días corrigiera de forma definitiva y satisfactoria el empozamiento de agua detrás de la residencia de la parte demandante-recurrida, Díaz García.
El 27 de agosto de 2001, la parte demandante-recurrida, Díaz García, presentó ante DACO la querella número 100014185 en la cual reclamó que a consecuencia de los vicios de constmcción que presentaba su residencia, varios enseres y muebles habían sufrido daños estimados en siete mil ochocientos dólares ($7,800.00). (Ap. Certiorari, a la pág. 12) El 23 de enero de 2002, se celebró la vista administrativa de la querella número 100014185. En dicha vista, Díaz García expresó que Marina Las Gaviotas Corp. había realizado una reparación inicial para tratar de corregir el problema de empozamiento de agua en el hueco localizado detrás de la residencia. Además, declaró que la reparación no había sido satisfactoria, ya que un tiempo después continuó teniendo el problema de empozamiento de agua. El 21 de marzo de 2002, el DACO emitió su Resolución en la cual determinó a base de la prueba presentada lo siguiente:

"DETERMINACIONES DE HECHOS

[[Image here]]

8. Entre los meses de mayo y agosto de 2001, la residencia de la parte querellante se inundó a causa de que el hueco localizado detrás de la residencia también se desbordó, esto debido a que estaba tapado. Este incidente le causó daños a los muebles en la residencia del querellante. Los muebles que resultaron afectados fueron los siguientes: juego de cuarto del niño, una unidad de pared (tablillero), juego de sala y un matress. Los muebles antes mencionados, tenían un promedio de uso en mano de los querellantes, de dos años.

9. El costo de reemplazo de los muebles que sufrieron daños es de $2,082.00.

10. Posteriormente, la querellada reparó definitivamente y satisfactoriamente el problema de empozamiento de agua en el hueco detrás de la residencia del querellante. ”

(Ap. Certiorari, a la pág. 15)
DACO determinó que las actuaciones de Marina Las Gaviotas Corp. habían sido negligentes, lo que ocasionó que la residencia de la parte demandante-recurrida se inundara y sufrieran daños sus enseres y muebles. Por ello, DACO estimó la compensación de los daños sufridos por la parte demandante-recurrida en mil doscientos cuarenta y nueve dólares con ve'inte centavos ($1,249.20). Dicha cantidad surge del computo del costo de reemplazo de los muebles de dos mil ochenta y dos dólares ($2,082.00) luego de aplicarle un cuarenta por ciento (40%) de depreciación por el uso promedio de dos (2) años de los muebles. En su Resolución de 21 de marzo de 2002, DACO ordenó lo siguiente:

"ORDEN

Dentro del término de treinta (30) días a partir de la fecha de la notificación de la presente resolución, la parte querellada, Marina Las Gaviotas Corp., le pagará a la parte querellante, Eddie J. Díaz y/o Yexaira García Sánchez, la cantidad de $1,249.20, más los intereses legales de no cumplir dentro del término concedido.

Se desestima la presente querella contra la co-querellada la aseguradora United Surety & Indemnity Co.

Se apercibe a la parte querellada que de no cumplir con lo ordenado en la presente resolución, este Departamento podrá imponerle una multa administrativa de hasta diez mil dólares ($10,000.00) y se tomará la 
*1104
acción legal correspondiente para el cobro de la misma. El pago de la expresada multa no le relevara, de cumplir con todo lo ordenado en la presente Resolución. Este Departamento solicitará el auxilio del Tribunal de Primera Instancia para hacer cumplir la misma.

La parte querellante notificará a este Departamento, por escrito, si la parte querellada cumple lo ordenado para procederse al Cierre y Archivo del caso. Igualmente notificará por escrito, si no cumple para procederse conforme a derecho. ”

(Ap. Certiorari, a la pág. 16)
El 4 de abril de 2002, la parte codemandada-peticionaria, Marina Las Gaviotas Corp., emitió el cheque número 035933 por la cantidad de mil doscientos cuarenta y nueve dólares ($1,249.00), para el pago de la suma ordenada por DACO.
El 9 de diciembre de 2002, la parte demandante-recurrida, Díaz García, presentó ante el Tribunal de Primera Instancia, Sala de Fajardo, demanda sobre resolución de contrato y daños y perjuicios. En la misma alegó que por las actuaciones negligentes de Marina Las Gaviotas Corp., parte codemandada-peticionaria, la casa que adquirieron los demandantes-recurridos, Díaz García, “fue ubicada al frente de una quebrada que sirve de desagüe a las montañas aledañas, siendo ese sitio el punto más bajo entre las dos montañas, por lo que siempre que llueve se inunda la casa de los demandantes y pasan enormes corrientes de agua por su marquesina, por lo que la casa por su ubicación resulta inservible. ” (Ap. Certiorari, a la pág. 20) Además, la parte demandante-recurrida Díaz García, solicita en su demanda que se le cambie la residencia y se le concedan cincuenta mil dólares ($50,000.00) en daños y perjuicios.
Así las cosas, el 18 de septiembre de 2002, la parte demandada-peticionaria, Marina Las Gaviotas, Corp., presentó su contestación a la demanda y una moción de desestimación. La parte demandada-peticionaria, Marina Las Gaviotas, Corp., en su moción de desestimación señaló que la causa de. acción presentada en su contra se debe desestimar Ipor cosa juzgada, ya que en ocasiones anteriores alegadamente estos mismos hechos habían sido ventilados ante DACO. El 10 de diciembre de 2002, la parte demandante-recurrida, Díaz García, presentó ante el Tribunal de Primera Instancia la Contestación a Moción de Desestimación. Finalmente el 17 de diciembre de 2002, el Tribunal de Primera Instancia emitió una orden declarando no ha lugar la moción en solicitud de desestimación presentada por la parte codemandada-peticionaria, Marina Las Gaviotas, Corp. De eso recurre esa parte.
II
A. Cosa Juzgada e impedimento colateral por sentencia
La doctrina de cosa juzgada (res judicata) es de tradición civilista. Acevedo v. Western Digital Caribe, Inc., 140 D.P.R. 452, 464 (1996); Ramos González v. Félix Medina, 121 D.P.R. 312, 326 (1988); Lausell Marxuach v. Díaz de Yánez, 103 D.P.R. 533, 535 (1975). Esta doctrina esta tipificada en el Artículo 1204 del Código Civil de Puerto Rico, 32 L.P.R.A. sec. 3343, el que dispone al respecto lo siguiente:

“§3343. Destrucción de las presunciones; cosa juzgada

Las presunciones establecidas por ley pueden destruirse por la prueba en contrario, excepto en los casos en que aquélla expresamente lo prohibía.

Contra la presunción de que la cosa juzgada es verdad, sólo será eficaz la sentencia ganada en juicio de revisión.

*1105
Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron.

En las cuestiones relativas al estado civil de las personas y en las de validez o nulidad de las disposiciones testamentarias, la presunción de cosa juzgada es eficaz contra terceros, aunque no hubiesen litigado.

Se entiende que hay identidad de personas, siempre que los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior, o estén unidos a ellos por vínculos de solidaridad o por los que establece la indivisibilidad de las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas[Enfasis Suplido].
El Artículo 221 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1793, por su parte establece que:

“§1793. Efecto concluyente de sentencia o decreto definitivo

El efecto de una sentencia o decreto definitivo en una acción o un procedimiento especial ante un tribunal o juez de Puerto Rico o de los Estados Unidos con jurisdicción para pronunciar decreto es como sigue:

(1) En caso de una sentencia o decreto contra una cosa específica, o con respecto a la prueba de un testamento o la administración de los bienes de un finado, o con referencia a la condición o relación personal, política o legal de determinada persona, la sentencia o decreto será concluyente en cuanto al título a la cosa, o al testamento, administración o condición o relación de la persona.

(2) En los demás casos, el fallo o decreto, en cuanto a la materia directamente juzgada, será concluyente entre las partes y sus sucesores un interés por título adquirido posteriormente al comienzo de la acción o del procedimiento especial, las cuales estuvieren litigando por la misma cosa, bajo el mismo título y en el mismo carácter, siempre que tuvieren noticia expresa o tácita de estarse substanciando la acción o procedimiento.” [Enfasis Suplido].
Se ha establecido respecto a la doctrina de cosa juzgada que la misma:

“surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final. Como resultado, tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas ....”.

A & P General Contractors v. Asociación Caná, 110 D.P.R. 753, 762 (1981). Además, se ha determinado que la evidencia necesaria para determinar si una sentencia. anterior es concluyente y constituye un impedimento para una acción subsiguiente es inquirir si la misma evidencia sería suficiente para sostener ambas acciones. Mercado Riera v. Mercado Riera, 100 D.P.R. 940, 952 (1972). Por ello, si para sostener ambas acciones se necesita evidencia distinta, entonces se trata de causas de acciones diferentes y la primera sentencia no es impedimento para litigar la otra causa de acción. Id.
De las anteriores disposiciones estatutarias surge que la defensa de res judicata solamente se configura cuando concurren cuatro (4) identidades: cosas, causas, personas y representación. Worldwide Food Dis., Inc. v. Colón Et Al., 133 D.P.R. 827, 834 (1993); A. & P. Gen. Contractors v. Asoc. Caná, supra, a las págs. 761-762; Pagán Hernández v. U.P.R., 107 D.P.R. 720, 732 (1978); Bolker v. Tribunal Superior, 82 D.P.R. 816, 824 (1961).
La norma jurisprudencial aclaró que para constituirse el requisito de identidad de causas se necesita que "la *1106 nueva acción estuviera como embebida en la primera, o fuese consecuencia inseparable de la misma". Acevedo v. Western Digital Caribe, Inc., supra. Véase también, Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. 212, 219-220 (1992). Basta que el segundo proceso se trate del mismo asunto que en el primero, "aunque en el uno se abordase totalmente y sólo parcialmente en el otro". Id. Véase también, Mercado Riera v. Mercado Riera, supra, a la pág. 950.
Respecto a la identidad de partes en la defensa de cosa juzgada y en su modalidad de impedimento colateral por sentencia, la jurisprudencia interpretativa "sigue la regla de la mutualidad, que prohíbe la alegación de cosa juzgada contra una parte ... a menos que ésta fuera parte original o se hallare en relación mutua (privity) con otra". Rodríguez Rodríguez v. Colberg Comas, supra, a las págs. 220-221. Esta regla de mutualidad señala que existe jurídicamente identidad de partes, aunque no sean físicamente las mismas las que litiguen en los dos pleitos, cuando la que "litiga en el segundo pleito ejercita la misma acción e invoca iguales fundamentos y se apoya en los mismos títulos que en el primero", pues ello configura la solidaridad jurídica entre los demandantes contenida en el Artículo 1204, supra. A. & P. Gen. Contractors v. Asoc. Caná, supra, a la pág. 766. "La solidaridad que se persigue es aquella capaz de situar en posición tal a las partes como si fueran una sola en relación a las prestaciones que puedan estar en litigio, y es el mismo tipo de relación que se produce entre el causahabiente y el causante". A. & P. Gen. Contractors v. Asoc. Caná, supra, a la pág. 766.
En resumen, la doctrina de cosa juzgada requiere que estén presentes ciertos requisitos en el caso en cuestión, de manera que pueda plantearse, en un segundo litigio, la defensa de cosa juzgada y que el pleito no pueda litigarse nuevamente. Estos requisitos son: (1) que haya una primera sentencia válida, final y firme que adjudique los -hechos y resuelva una controversia en sus méritos; (2) que las partes en el primer litigio sean las mismas en el segundo; (3) que en ambos pleitos se trate del mismo objeto o asunto; (4) que en el primer pleito se haya pedido igual remedio que el que se pide en el segundo; y (5) que las partes litiguen en la misma calidad en ambos pleitos. Artículo 1204 del Código Civil, supra; Bonafont Solis v. American Eagle Executive Airline, 143 D.P.R. 374 (1997); Banco de la Vivienda v. Rafael Carlo Ortiz, 130 D.P.R. 730 (1992); Negrón v. C.I.T. Fin. Serv., 111 D.P.R. 657 (1981); Pagán Hernández v. UPR, 107 D.P.R. 720 (1978).
Se ha dispuesto reiteradamente que se considerarán cosa juzgaba no sólo las cuestiones litigadas y adjudicadas, sino también aquéllas que pudieron litigarse y adjudicarse con propiedad. Díaz Maldonado v. Lacot, supra; Figueroa v. Banco de San Juan, 108 D.P.R. 680 (1979); Mercado Riera v. Mercado Riera, 100 D.P.R. 940 (1972).
La defensa de cosa juzgada "está fundada en consideraciones de orden público y necesidad." Worldwide Food Dis., Inc., supra, a la pág. 833; Pérez v. Bauzá, 83 D.P.R. 220, 225 (1961). Con dicha doctrina se persigue poner fin a los litigios luego de haber sido adjudicados de forma definitiva por los tribunales y, de este modo, garantizar la certidumbre y seguridad de los derechos declarados mediante una resolución judicial para evitar gastos adicionales a los litigantes. Worldwide Food Dis., Inc., supra.
Ill
La parte demandada-peticionaria, Marina Las Gaviotas Corp., plantea que erró el Tribunal de Primera Instancia al declarar no ha lugar la moción de desestimación que había presentado basada en que al caso de autos le era de aplicación la doctrina de cosa juzgada. No le asiste la razón.
Según surge del expediente ante nuestra consideración, la naturaleza de los reclamos planteados por la parte demandante-recurrida, Díaz García, en las querellas número 100011618 y 100014185 presentadas ante DACO son distintas a las planteadas mediante demanda ante el foro judicial. En la querella número 100011618 lo que la parte demandante-recurrida, Díaz García, planteó ante DACO fue una serie de defectos como lo eran un hoyo inmenso en la parte posterior de la casa que causaba qua la casa se inundara, que los gabinetes de cocina tenían la mica rota y que faltaba un marco en la ventana de uno de los dormitorios. (Ap. Certiorari, a la pág. 2) En la *1107 querella número 100014185 que presentó la parte demandante-recurrida, Díaz García, ante DACO, lo que se reclamó fue que a consecuencia de los vicios de construcción que presentaba la residencia, ésta se había inundado y que a consecuencia de esto se dañaron algunos enseres y muebles. Sin embargo, lo que reclamó la parte demandante-recurrida, Díaz García, en la demanda que nos ocupa fue que siempre que llueve se inunda su residencia y que enormes corrientes de agua pasan por su marquesina, por lo que su casa resulta inservible. (Ap. Certiorari, a la pág. 20) Además, según surge de la demanda los hechos que motivan la misma ocurrieron supuestamente después de los hechos que motivaron las querellas ante DACO. De lo anteriormente expuesto surge que la naturaleza de lo planteado ante el foro administrativo es distinta a la causa de acción que está pendiente ante el foro judicial.
Como se puede observar, en este caso no se dan todos los requisitos necesarios para que aplique la doctrina de cosa juzgada. Aunque hay identidad de personas, no se da la identidad de causas que se requiere, ya que las controversias planteadas ante los foros administrativo y judicial son distintas.
Cónsono con lo anteriormente expuesto es forzoso concluir que no erró el Tribunal de Primera Instancia al declarar sin lugar la moción de desestimación presentada por la parte codemandada-peticionaria, Marina Las Gaviotas Corp., ya que no procede aplicar la doctrina de cosa juzgada.
IV
Por los fundamentos anteriormente expuestos, se deniega la expedición del auto de certiorari.
Así lo acordó y ordena el Tribunal, y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau Secretaria General